UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena Issued to:*<br><br>THE KENNEDY CENTER,<br><br>*In the Civil Matter of:*<br><br>CITY OF PITTSBURGH COMPEHSNIVE MUNICIPAL PENSION TRUST FUND,<br><br>       v.<br><br>THE CARLYLE GROUP, INC., *et al.*<br><br>       Defendant. | Misc. No. 2025-CAB-004739<br><br>*on removal from*<br>SUPER CT DOCKET NO<br>(D.C. Super. Ct.) |

**MOTION TO QUASH SUPERIOR COURT SUBPOENA
AND MEMORANDUM IN SUPPORT THEREOF**

The Kennedy Center (the "Center"), by and through undersigned counsel, respectfully moves the Court to quash the subpoena that is the subject of this miscellaneous matter.

**BACKGROUND**

This motion to quash concerns a subpoena issued to the Center under the authority of the Superior Court of the District of Columbia on behalf of the Plaintiff in *City of Pittsburgh Comprehensive Municipal Pension Trust Fund v. The Carlyle Group, Inc., et al.*, No. 2025-CAB-004739 (D.C. Super. Ct.).

The subpoena issued to the Center seeks documents and communications concerning Anthony Welters, including, but not limited to, his relationship with David Rubenstein, and his nomination, appointment, service, involvement, or role at the Center; documents and communications concerning Janet Hill, including her relationship with David Rubenstein, and her nomination, appointment, service, involvement, or role at the Center; and documents and

communications concerning the retention, service, involvement, or role of Williams & Connolly LLP at the Center, including, but not limited to, any work that Robert Barnett, Esq. performed respecting the amendment(s) to any of the Center's governing documents, such as (without limitation) any bylaws. *See generally* Subpoena (ECF No. 1-1).  On August 28, 2025, the Center removed this subpoena matter to this Court consistent with *Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408, 412-15 (D.C. Cir. 1995).

## ARGUMENT

The subpoena should be quashed.  As the D.C. Circuit has made clear, "[i]n state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996).  The Center is a component of the U.S. Government.  Accordingly, the subpoena should be quashed because it is not enforceable against the Center due to the United States' sovereign immunity.[1]  In addition, any attempt by the Superior Court to compel a federal entity to comply with a subpoena would violate the Supremacy Clause. *See Boron Oil v. Downie,* 873 F.2d 67, 71 (4th Cir. 1989); *see also* 28 U.S.C. § 1451 (Superior Court is deemed a "state court" for purposes of removed actions).  Thus, the subpoena should be quashed for this threshold reason.

Unlike a federal court subpoena, where a state court litigant is dissatisfied with a federal response to a state court subpoena, the "state court litigant's only recourse from a federal agency's refusal to comply with a state court subpoena is to bring an [Administrative Procedure Act

---

[1]   The removal of the subpoena to federal court has no impact on whether it is enforceable.  It is well settled that "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Houston Bus. J..,* 86 F.3d at 1212.

('APA')] claim—necessarily governed by the APA arbitrary and capricious standard—against the agency in federal court." *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007).  As such, the subpoena cannot be enforced on its own terms, and should be quashed for that reason as well.

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoena issued to the Center.

Dated: August 28, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     */s/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*